JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

CHRISTINA M. McCALL (CASBN 234139)
Assistant United States Attorney

  1301 Clay Street, Suite 340-S
  Oakland, CA  94612
  Telephone: (510) 637-3717
  Fax: (510) 637-3724
  E-mail: christina.mccall@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-0040 PJH (LB) |
|     Plaintiff, ) | |
| ) | DETENTION ORDER |
| v. ) | |
| JAYSON DAWSON, ) | |
|     Defendant. ) | |

## I. DETENTION ORDER

Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in section 3142(g), the Court finds that in this presumption case, *see* section 3142(e)(3)(A), no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case or the safety of any other person or the community.  As set forth in the government's factual proffer, inside his residence, the defendant possessed multiple plastic baggies containing substances that presumptively tested positive for cocaine, many wrapped in plastic twists, implying that they were packaged for sale.  The defendant also possessed a digital scale, approximately $800 in United States currency, and a bag with multiple oxycodone tablets. Additionally, from the defendant's residence, officers recovered: a Smith & Wesson 9 mm pistol

with a loaded magazine holding 15 rounds of ammunition, with a bullet in the firing chamber; a box containing 13 live rounds of 9 mm ammunition; and another box containing 27 live rounds of .25 caliber ammunition.

As the presumption itself demonstrates, the nature of the offense itself shows danger to the community. In addition, the defendant was convicted in 1999 of a felony violation of California Health & Safety Code § 11351.5, possessing cocaine base for sale, and in 2007 of a felony violation of California Health & Safety Code § 11351, possessing narcotics for sale. As set forth in Pretrial Services' criminal history report, the defendant has performed poorly on court supervision, resulting in numerous arrests and revocations of parole or probation. The defendant's parole agent stated that the defendant has been noncompliant and evasive since beginning his parole in May of 2008.

After being advised of his rights to present evidence under section 3142(f), the defendant declined to present additional information (beyond the preliminary bail study by Pretrial Services) but reserved his right to present information at a future bail hearing should his circumstances change.

## II.  CONCLUSION

The Court detains the defendant as a danger to the community and as a flight risk without prejudice to his raising the bail issue at a future hearing. The Court orders the defendant committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: February 10, 2010

LAUREL BEELER
United States Magistrate Judge

DETENTION ORDER
(CR 10-0040 PJH (LB))                    2